Dear Representative Lewis:
This opinion is in response to your questions asking:
 a. Are elected circuit clerks covered under the provisions of the State Legal Expense Fund?
 b. Are elected circuit clerk ex-officio recorders of deeds covered under the provisions of the State Legal Expense Fund for acts required of the office of circuit clerk?
 c. Are elected circuit clerk ex-officio recorders of deeds covered under the provisions of the State Legal Expense Fund for acts required of the office of recorder of deeds?
 d. Are appointed court administrators in St. Louis County and Jackson County, whose salaries are partially reimbursed by the state (see Section 483.015), covered under the provisions of the State Legal Expense Fund?
 e. Is the elected circuit clerk in the City of St. Louis, who is a city employee but whose salary is partially reimbursed by the state (see Section 483.015), covered under the provisions of the State Legal Expense Fund?
 f. Are other county paid employees hired by the Circuit Court en banc or other judicial officer to perform judicial related duties covered under the provisions of the State Legal Expense Fund?
 g. Are errors and omissions of a circuit clerk or state paid deputy clerk when handling funds which are not deposited in state general revenue (e.g. 20% county share of court costs, child support reimbursement, fines, etc.) covered under the provisions of the State Legal Expense Fund?
 h. Are deputy circuit clerks who are entirely state paid covered under the State Legal Expense Fund for errors and omissions occurring while performing recorder of deeds duties?
Section 105.711.2(2), RSMo Supp. 1984, states:
 2. Moneys in the state legal expense fund shall be available for the payment of any claim or any amount required by any final judgment rendered by a court of competent jurisdiction against:
* * *
 (2) Any officer or employee of the state of Missouri or any agency thereof, including, without limitation, elected officials, appointees, members of state boards or commissions and members of the Missouri national guard upon conduct of such officer or employee arising out of and performed in connection with his or her official duties on behalf of the state, or any agency thereof,
provided that moneys in this fund shall not be available for payment of claims made under chapter 287, RSMo. [Emphasis added.]
Section 483.015.1, RSMo Supp. 1984, states that all circuit clerks are elected to office in each county and the City of St. Louis, except as otherwise provided by law. Subsection 2 of Section 483.015, RSMo Supp. 1984, provides that the Court Administrator of Jackson County and the Circuit Clerk of St. Louis County shall be selected as provided by county charter. Circuit clerks ex officio recorders of deeds are provided for in Sections59.040, 59.050 and 59.090, RSMo 1978. The appointment of deputy and division clerks is provided for in Section 483.080, RSMo 1978, and Section 483.245, RSMo Supp. 1984.
Subsection 7 of Section 483.083, RSMo Supp. 1984, as enacted by Senate Bill No. 581 (effective January 1, 1985), states in part:
 7. . . . The compensation of all circuit clerks shall be paid by the state and they shall be considered state employees for all purposes except the manner of their selection, appointment or removal from office; except that, the circuit clerk of the city of St. Louis, the circuit clerk of St. Louis County and the court administrator of Jackson County
shall continue to be paid by the city and those counties and shall not become state employees, but the city of St. Louis, St. Louis County and Jackson County shall each be paid an amount which is equivalent to a circuit clerk's salary as provided in subsection 3 of section 483.015. [Emphasis added.]
See, also, Section 483.084, RSMo Supp. 1984.
This statute clearly states that all circuit clerks other than the Circuit Clerk of the City of St. Louis, the Circuit Clerk of St. Louis County, and the Court Administrator of Jackson County are state employees. Accordingly, such circuit clerks come within the provisions of the State Legal Expense Fund. The Circuit Clerk of the City of St. Louis, the Circuit Clerk of St. Louis County, and the Court Administrator of Jackson County are not state employees and are not under the State Legal Expense Fund.
To the extent circuit clerks ex officio recorders of deeds are performing functions in their capacity as circuit clerks, such officials are considered state employees pursuant to subsection 7 of Section 483.083, RSMo Supp. 1984, and are under the provisions of the State Legal Expense Fund. When such officials are performing functions in their capacity as recorders of deeds, they are not performing duties "on behalf of the state" within the meaning of Section 105.711.2(2), RSMo Supp. 1984. Therefore, to the extent circuit clerks ex officio recorders of deeds are performing functions in their capacities as recorders of deeds, such officials are not under the provisions of the State Legal Expense Fund. The same reasoning would apply to deputy circuit clerks performing recorders of deeds' duties.
Deputy and division clerks are considered state employees. Section 483.245.3 and .6, RSMo Supp. 1984. Accordingly, they are under the provisions of the State Legal Expense Fund.
You have asked about the State Legal Expense Fund coverage of county-paid judicial employees. This question is presently being litigated in Cates v. Webster, No. CV184-703CC (Cole County Circuit Court). Therefore, we will not opine on that question here.
We note that question g. refers to claims involving the handling of funds. If a claim is covered by the circuit clerk's bond, Section 483.025, RSMo 1978, and a third party is able to recover upon that bond, see Chapter 522, RSMo 1978 and Supp. 1984, then it would appear that the State Legal Expense Fund would not apply to such claim on the basis that an applicable special statute, Section 483.025, RSMo 1978, governs over an equally applicable general statute, Section 105.711.2(2), RSMo Supp. 1984. Therefore, it is our view that the Legal Expense Fund was not intended to nullify the bonding requirements or to cover claims by the surety against the principal.
Whether coverage will be afforded to any person who comes within the provisions of the State Legal Expense Fund depends on the precise facts of the particular case.
CONCLUSION
It is the opinion of this office that, (1) elected circuit clerks other than the Circuit Clerk of the City of St. Louis are under the provisions of the State Legal Expense Fund; (2) the Circuit Clerk of the City of St. Louis, the Circuit Clerk of St. Louis County, and the Court Administrator of Jackson County are not under the provisions of the State Legal Expense Fund; (3) circuit clerks ex officio recorders of deeds are under the provisions of the State Legal Expense Fund except to the extent that they are performing duties as recorders of deeds; (4) deputy and division clerks are under the provisions of the State Legal Expense Fund to the extent that they are performing duties on behalf of the State and not recorder of deeds' functions; (5) claims involving a circuit clerk's bond are not covered by the State Legal Expense Fund; (6) the ultimate question of whether coverage is provided any state officer or state employee depends on the facts of the particular case.
Yours very truly,
 WILLIAM L. WEBSTER Attorney General